N. W. SIMONS, et al, Respondents, v. MILO B. DOWD, et al, Appellants.

(186 N. W. 261.)

**Stipulations — claim for hail insurance held to belong to crop owner.**

1.  M. had been the owner of certain lands subject to liens of mortgages and a judgment. The mortgages were foreclosed. The judgment creditor, (D.) took assignments of the Sheriff's Certificates and at the expir-

ation of the period of redemption took sheriff deeds. M. continued in possession and sowed crops. His grantees brought actions to determine adverse claims to the land. In these actions, D. answered, setting up no claim to the crops and no claim for the value of use and occupation. The crops were destroyed by hail in July. In August and September, judgments were entered in the adverse claims actions in favor of the defendant D. without a disposition of the claim for hail insurance, but with the specific understanding that M. would be permitted to harvest such crops as remained. It is *held*:

Where crops, sown by one whose possession is continuous, have been destroyed by hail during the period of his possession and where all claims to title is stipulated in favor of another as owner on condition that the possessor's claim to the crop is recognized, the claim for hail insurance belongs to the owner of the crop.

Opinion filed Dec. 5, 1921.

Appeal from the District Court of Williams County, *Fisk*, J.

Affirmed.

*B. H. Bradford,* for appellant.

The owner of the land is the owner of the growing and unsevered crops. Wadge v. Kittelson, 12 N. D. 452; Warner v. Sohn, 21 Ann. Cas. 427, (Neb.); Hartshorne v. Ingels, 23 L. R. A. 531 (Okla.); Carlisle v. Killbrew, 6 L. R. A. 617; Altee v. Hinckler, 85 Am. Dec. 407; 8 R. C. L. p. 367.

*Craven & Converse* and *John J. Murphy*, for respondents.

The title to the crops at all times was vested in the adverse holders of the land and Dowd, though owner of the fee title to the land, never at any time had any title or interest whatever in or to the crops. Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 101; Gunderson v. Holland, 22 N. D. 258; Roney v. Halverson, 29 N. D. 13; Aultman Taylor Co. v. O'Dowd, Minn., 75 N. W. 756. This case has been repeatedly cited by North Dakota Supreme Court with approval. Stockwell v. Phelps, 34 N. Y. 363; Page v. Fowler, 39 Cal. 412, 2 Am. R. 462; Johnson v. Fish, 103 Cal. 420, 38 Pac. 979.

BIRDZELL, J. This is an appeal from a judgment in favor of the

plaintiffs in an action brought to restrain certain of the defendants from paying hail insurance to the defendant Milo B. Dowd. The facts necessary to be stated are as follows: The defendant Dowd was the owner of a judgment of about $7,000 against one L. A. McGinnity. See Dowd v. McGinnity, 30 N. D. 308, 152 N. W. 524. Prior to the transactions directly involved in this litigation McGinnity had been the owner of lands upon which this judgment was a lien. McGinnity had also given mortgages on the lands which had been foreclosed in two proceedings, each embracing different tracts. Dowd, within the year of redemption from these mortgage foreclosures, obtained assignments of the sheriff's certificates of sale, and, at the expiration of the period for redemption, obtained sheriff's deeds. This was all completed before the beginning of the cropping season of 1919—one deed issuing in November 1918; the other March 3, 1919.

During the period of the litigation between Dowd and McGinnity which resulted in the judgment in Dowd's favor, McGinnity transferred or sold his property so that it appeared of record in the name of his brother, Frank McGinnity, and, through leases, the right of possession was in his (L. A. McGinnity's) wife as tenant. The personal property was transferred to certain creditors, among whom were some of the plaintiffs, and they resold or transferred it to Mrs. McGinnity.

After the sheriff's deeds were issued the McGinnitys continued to farm the lands during the season of 1919. Certain actions were brought in April by Frank J. McGinnity and Nellie McGinnity, wife of L. A. McGinnity, to determine adverse claims to the lands. One of these actions was tried in August, 1919, on stipulated facts, and Dowd was successful. After the submission of this case to the court, the other action came on for hearing, and plaintiff's counsel announced that he could see nothing to attack in the foreclosure proceedings through which the defendant Dowd claimed, and that he had no evidence to offer. The defendant objected to a dismissal of the action and asked for an affirmative decree quieting title. It was then understood that the plaintiff's attorney would stipulate for the entry of a judgment in favor of Dowd. The matter was not concluded, however, that day, and the day following defendant's counsel requested the plaintiff's attorney to sign a stipulation for judgment. At that time plaintiff's counsel objected on the ground that the McGinnitys had put in the crop, that whatever crop was there belonged to them, and that they should not be disturbed on

account of it.   Counsel testifies that there was in fact an understanding reached that the 1919 crop was to go to   McGinnity.   The defendant's attorney, however, while admitting that the McGinnitys were to be permitted to harvest such crops as remained, further testified that he stated to plaintiffs' counsel that the crops were no good, that they had been hailed out twice, that they would never be cut, and that the defendant Dowd would not waive any rights to possession of the land, nor any right to anything, upon which counsel signed the stipulation for   the entry of judgment.   This was about the middle of August, 1919, and the judgments in the two actions were entered, one in August, and one in September.

It appears that in July, 1919, there were two hailstorms, which damaged the crops growing upon the lands in question.   The losses were adjusted, with the participation of the McGinnitys, at 100 per cent., and in the course of time a hail insurance warrant for $3,115, payable to the order of Dowd, was sent, care of the clerk of the court, and it is this fund that is in litigation here.   Dowd claims it by virtue of the ownership of the lands, and the plaintiffs claim it through assignment from the McGinnitys, and by virtue of the latter's alleged ownership of the crop.

The appellant contends for two main propositions: (1) That, as Dowd owned the land at the time the crops were destroyed, and as McGinnity had no lawiful right therein, he (Dowd) was the owner of the crops; and (2) that the plaintiffs are not in a position to assert, equitably, any right to the insurance.

There can be no doubt that Dowd was the owner of the land at the time the crops were put in and for the entire period covered by this controversy.   The two judgments entered after the crops were destroyed, are conclusive to this effect.   But, if it be conceded that the ownership of the crops would ordinarily follow the ownership of the land (and upon this we express no opinion), on the record before us we are of the opinion that it does not follow that Dowd was entitled to the insurance.   The McGinnitys had been long in possession of the land.   It was being taken from them through foreclosure proceedings.   It seems that to test the validity of these proceedings they had brought the actions to determine adverse claims.   Dowd, in answering, merely asked that he be adjudged to be the owner in fee, and that, if the foreclosures upon which his title was based should be decreed invalid, he be adjudged to be the owner of the

mortgages foreclosed. These actions were brought early in the spring and, in the very nature of the situation, a contest was invited to determine, not merely the title, but the right to possession, including the right to the crops. Dowd did not see fit to assert at this early date any claim to the crops, neither did he seek recovery for the use of the occupation, as he might well have done. § 8145, Compiled Laws of 1913. ·At the time these actions were being settled in August, the crops, had they been standing, would have been practically mature; but they had been destroyed by hail. This fact was adverted to by Dowd's attorney, and it was assigned as a reason why McGinnitys should stipulate unconditionally for the entry of judgment in Dowd's favor. At that time the further assurance was given that such crop as remained might be harvested by them. It is clear to our mind that there was then no thought of any hail insurance, and it is equally clear that the only interest that McGinnitys were claiming was the crops, and that Dowd conceded the claim. In view of these facts, the hail insurance must be held to belong to the McGinnitys. It has been properly subject to the payment of both the flat tax and the indemnity tax against the land.

It follows that the judgment appealed from must be affirmed.

It is so ordered.

CHRISTIANSON, BRONSON, and ROBINSON, JJ., concur.

GRACE, C. J. concurs in the result.